## IN RE. ARAM.

*Sixth Judicial District Court, October,* 1857.

### IMPRISONMENT FOR DEBT—DISCHARGE.

A person imprisoned for concealing his property, with the intent to defraud his creditors, must be released if he satisfy the court he no longer has any property under his control.

Motion to discharge the defendant on a writ of habeas corpus.

BOTTS, J.—Application for discharge under the "Act for relief of persons imprisoned by civil process."

The defendant being sworn, unequivocally denies the possession of any property except a very small portion of that by law exempt from execution. Notwithstanding this, his creditors contend that he has property, which he is concealing from the operation of legal process.

The statute is penal in its nature, and, as I understand it, the suspicion of concealment having been extinguished by the oath of the defendant, the onus of their allegation rests upon the creditors, and unless I am satisfied, beyond a reasonable doubt, that the defendant has property under his control, which he is concealing, he must be discharged. In determining the issue presented by this case, which is simply the present ability of the defendant to pay the judgment under which he is confined, his former conduct is wholly immaterial. No matter how criminal it may have been, his continued imprisonment is only intended as a means of coercing the surrender of his property ; when it ceases to answer this end it becomes illegal. It is long since

the humanity of the law permitted the crime of debt to be punished by imprisonment. To the criminal laws, a citizen may be compelled to answer for the perpetration of a fraud. Of that it is not our province to inquire. The defendant is imprisoned on civil process, and he is here. not to answer to the community for the perpetration of crime, but to his creditors for the money he owes them.

He swears positively that he is without the means of payment. A great latitude has been allowed the creditors in their attempt to disprove his statement. They have sought to do it by tracing effects to his hands, and requiring him to account for their disbursement. This mode of proceeding to disprove the solemn oath of the defendant, is in its nature unsatisfactory, and becomes weaker and weaker as the period of acquisition recedes from the period of investigation.

It is impossible that the court could tolerate an investigation for such purposes, of the acts of a lifetime, consequently some reasonable period must be fixed on as the limit of such an investigation. Accordingly, I go back to April, 1856, when the defendant dissolved his partnership with Palmer, and began to trade on his own account.

Upon the dissolution of the partnership, he admits the possession of goods and debts to the amount of about $7,000. He afterwards received goods, and borrowed money, together, from April, 1856, to January, 1857, amounting to about $16,500. This makes $23,000 received during this period, to be accounted for. He swears to a detailed account of disbursements during this time, amounting to about $19,000. This consists of payments for goods, family expenses, freight, &c. He then sells out his stock on hand, together with his storehouse, for $3,000, and this sum, he states, he afterwards expended in paying debts due to his brother, and in lawyer's fees. Let it be remembered that it is admitted that the defendant is an illiterate man, and kept very imperfect books, even of his mercantile transactions. This statement purports to be only an account of his disbursements, as near as he can remember them.

It will appear then, that there is nothing unreasonable or contradictory in his statement; nothing in it, *per se*, to invalidate his oath of inability to discharge his liabilities. Now as to the evidence *aliunde* adduced by the creditors, viz: the depositions, of the two brothers of the defendant, and that of his former partner, Palmer, although there

are some discrepancies, as might be expected, both between their several statements, and those of the defendant, in regard to minute transactions, running over the space of twelve months, upon the whole, they tally remarkably well. Whether these transactions fixed upon the defendant the crime of obtaining goods under false pretenses, or an intention to reduce bulky assets to money, and fly the country, is not the question. I see nothing in them to satisfy me that the defendant has not, as he swears he has, divested himself, and been divested by operations of law, of all his available assets. If it shall hereafter appear that his statement is untrue, he will have to answer to the laws of his country for the commission of perjury. If he be found with property, his creditors can still seize it on execution. Where there is so much to be risked, and so little to be gained, by falsehood, the defendant's oath is entitled to great weight.

I see nothing in the case to satisfy me that the defendant is hiding or concealing any of his effects from his creditors.

Let him be discharged.